NOT RECOMMENDED FOR PUBLICATION

File Name: 20a0177n.06

No. 19-5457

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) | **FILED** |
| *Plaintiffs-Appellees*, | ) | Mar 27, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ESTATE OF HUGO BOBZIEN, JR., et al., | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| *Defendants-Appellants*. | ) | KENTUCKY |
| | ) | |

Before: BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Michael Bobzien sued his father's estate, the Estate of Hugo J. Bobzien, in Kentucky state court, alleging that childhood exposure to his father's cigarette smoke caused the development of lung disease and other illnesses. The plaintiffs, various Liberty Mutual insurance entities, sought a declaration in federal court that they had neither the duty to indemnify nor defend the Estate under any of the policies issued to Hugo Bobzien. The district court granted Liberty's motion for summary judgment and the Estate appeals, arguing that the district court erred in its interpretation of the insurance policies. The appeal is meritless.

These insurance policies, in the aggregate, provided coverage from 2011 to 2017 for suits brought against an insured because of "bodily injury" caused by an "occurrence."[1] The policies define an occurrence as "an accident, including continuous or repeated exposure to substantially

---

[1] The district court analyzed five polices, but the Estate argues on appeal that only three policies should be considered.

the same general harmful conditions, which results, during the policy period, in . . . bodily injury." *See, e.g.*, R. 1-2, PageID#: 64. Each policy contained a household exclusion for personal injury to any insured and a condition limiting the coverage to personal injury "which occurs during the policy period." *Id.* at PageID#: 64, 71-72.

The Estate argues that Michael Bobzien's childhood exposure to secondhand smoke caused the development of disease and illness during the policy period. The Estate contends that the disease and illness is an unintended result of the father's smoking habit and therefore an "accident" covered by the policies. The Estate's argument then is that, despite the exposure's having occurred decades before any policy period, the claim is covered because the result of the exposure (i.e., the illness and disease) developed within the policy period.

In a thorough and careful analysis, the district court held that: (1) the Estate fails to allege an "occurrence" because the exposure to secondhand smoke occurred outside the policy period and no event alleged in Michael Bobzien's complaint constitutes an "accident" resulting in "bodily injury" under the policies' terms, and (2) coverage for the claim was precluded under the policies' household exclusion. After carefully reviewing the record, the law, and the arguments on appeal, we conclude that the district court's careful and well-reasoned opinion correctly set out the applicable law and correctly applied that law to the undisputed facts before it. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.

**NALBANDIAN, Circuit Judge, concurring.** I question whether the district court's analysis on the Estate's "inverse theory" is correct under Kentucky law. But we need not decide that precise issue today. I agree with the district court that Michael Bobzien failed to allege an accident because his father intended to smoke in front of him, and smoking was not a chance event beyond his father's control. That is enough to find no duty to defend or indemnify.